**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RANDALL WILSON and CHRIS
MESSER, *on behalf of themselves
and others similarly situated*,

      Plaintiffs,

  v.

GOWAITER FRANCHISE
HOLDINGS, LLC, and MICHAEL
HANDY,

      Defendants.

CIVIL ACTION NO.

1:13-cv-01054-AT

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Named Plaintiffs Randall Wilson and Chris Messer, together with eleven Opt-In Plaintiffs, and Defendants GoWaiter Franchise Holdings, LLC and Michael Handy jointly file this motion for approval of their settlement agreement and memorandum of law requesting that the Court approve the Parties' settlement. This motion is based upon the Settlement Agreement and Release ("Settlement Agreement") (attached as Exhibit A) and all the files, records, and proceedings herein. The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.     Factual Background

On April 1, 2013, Named Plaintiff Randall Wilson filed his Complaint initiating this lawsuit, in which he alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay Mr. Wilson and others similarly situated the minimum wage. (*See* Compl., ECF No. 1.) Plaintiffs filed their First Amended Complaint adding Chris Messer as a Named Plaintiff on June 28, 2013. (Pls.' 1st Am. Compl., ECF No. 13).

On July 15, 2013, Defendants moved to dismiss Plaintiffs' First Amended Complaint, claiming that Defendants were not covered by the FLSA. (ECF No. 15.) On the same day, Defendants also moved to stay the case. (ECF No. 15.)

Plaintiffs filed their Second Amended Complaint on March 18, 2014. (Pls.' 2d Am. Compl., ECF No. 13). The Court conditionally certified this case as a collective action March 18, 2014, (ECF No. 30), and eleven Opt-In Plaintiffs subsequently joined the case. (ECF Nos. 40-41, 43-49, 58).

As provided by the Court's order, the class definition was restricted to individuals who worked as GoWaiter drivers at only two locations between October 1, 2012 through March 22, 2013—a period of fewer than 25 weeks. (ECF No. 30 at 17.)  Further, Plaintiffs claimed only minimum wage damages, and did not allege that they were owed any unpaid overtime wages. (*See, e.g.,* Pls.' 2d Am.

Compl., ECF No. 13.) As such, Plaintiffs' claims were necessarily of limited monetary value. Moreover, Plaintiffs' chances of recovery were not certain: Defendants maintained that (1) Plaintiffs were properly classified as independent contractors, (2) Defendants were not covered by the FLSA, and (3) Defendants attempted in good faith to comply with the FLSA. If Defendants had prevailed on their independent contractor or coverage arguments, Plaintiffs' recovery would have been zero. If Defendants had succeeded in proving good faith, then Plaintiffs' recovery would have been halved.

In light of the above considerations, the Parties agreed to mediate before investing substantial resources in additional discovery. On January 15, 2015, the Parties participated in mediation with A. Lee Parks and were able to reach a resolution. Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

At mediation, the Parties utilized a two-step process to settle Plaintiffs' claims for unpaid minimum wages, liquidated damages, costs, and attorney's fees. First, the Parties negotiated a settlement of Plaintiffs' wage claims for a total sum of $20,000 to be disbursed as follows to the Named and Opt-In Plaintiffs:

| Name | Proceeds |
|---|---|
| Amanda Walker | $      787.56 |
| Chris Messer | $   3,046.63 |
| Daniel Lawrence | $      497.41 |
| Jesse Dystra | $      974.09 |
| Joe Sullivan | $   3,792.75 |
| Khatisha Edwards | $      207.25 |
| Lindsay Woodard | $      518.13 |
| Mandel Lang | $      310.88 |
| Marcel Leoni | $   3,502.59 |
| Marlin Brownley | $      290.16 |
| Melissa Amonds | $   1,989.64 |
| Randall Wilson | $   2,445.60 |
| Warren Rutledge[1] | $   1,637.31 |

After resolving Plaintiffs' wage claims, the Parties negotiated counsel's fees and costs. Because of extensive motion practice in the early phases of the case—including a motion for sanctions against Plaintiffs' counsel that the Court denied—Plaintiffs' counsel's lodestar fees necessitated having a separate negotiation of attorney's fees under Plaintiffs' attorney fee contracts. (*See* Exhibit B, Wilson and Messer Fee Contracts.) As a result, under Plaintiffs' legal services contract, counsel's fees were to be paid separately on an hourly basis by Defendants rather than as a contingency percentage applied to the total recovery. Even though Plaintiffs' counsel currently has over 280 hours of time invested in the case for an

---

[1] During the pendency of this case, Warren Rutledge passed away. His brother, Wayne Rutledge, was appointed as administrator of his estate and is authorized to settle his claims. (*See* Exhibits C, Letter of Administration; Exhibit D, Fee Agreement.)

estimated lodestar of over $70,000 (and advanced expenses of $1,374.66), counsel agreed to accept $45,000 as a full and final resolution of all claims for costs and fees. Counsel agreed to accept the payment of $45,000 over a period of approximately 10 months, whereas Plaintiffs would receive their payments within 35 days of the date of mediation.

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Parties. The two Named Plaintiffs have both signed the Settlement Agreement, (Exhibit A), and all of the Opt-In Plaintiffs have agreed to the terms of the Settlement Agreement. The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.    Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory

and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the

strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Any fee agreement between a plaintiff and his or her counsel "must be disclosed to a court when a FLSA settlement is filed for approval" so that the Court can evaluate the

reasonableness of the proposed settlement. *Martin v. Huddle House, Inc.*, Civ. No. 2:10-cv-00082-WCO [Doc. 16], at 3-4 (N.D. Ga. May 18, 2011).

### III.   Analysis

In their Complaint, Plaintiff alleged that they were misclassified as independent contractors by Defendants. (*See* Pls.' Compl., ECF No. 1). Plaintiffs contended that Defendants owed them minimum wage and liquidated damages for the hours they worked for Defendants. Defendants disputed these contentions. Notwithstanding their factual disputes, the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter at mediation. (*See* Settlement Agreement; Exhibit 1).

In terms of the fairness of the Settlement Agreement, Plaintiffs' probability of success was uncertain, and even if Plaintiffs had succeeded in showing liability, the amount of damages was also uncertain. Thus, settlement of the action in favor of certainty was a fair and reasonable decision. The Parties have worked together to reach a final settlement amount that adequately compensates Plaintiffs for their alleged unpaid wages and for their attorney's fees and costs incurred in bringing this lawsuit according to the terms of the fee agreement between Plaintiffs and their counsel. (*See* Settlement Agreement [Exhibit A]; Fee Contracts [Exhibit B]). Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

WHEREFORE, Plaintiffs and Defendants pray that this Court will enter an Order approving the settlement. A proposed order is attached hereto.

Respectfully submitted: January 29, 2015

|  |  |
|---|---|
|  | /s/ Jeff Kerr |
| MAYS & KERR LLC | Jeff Kerr |
| 235 Peachtree Street | Georgia Bar No. 634260 |
| North Tower | Suite 202 | jeff@maysandkerr.com |
| Atlanta, Georgia 30303 |  |
| Telephone:   (404) 410-7998 |  |
| Facsimile:    (404) 855-4066 |  |
| Attorney for Plaintiffs |  |

s/Paul Buschmann
Paul Buschmann Florida Bar No. 359262
pbuschmann@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard
Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Secondary: nlouis@hinshawlaw.com
Office: ftllitigation@hinshawlaw.com
***Attorneys for Defendants***