IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RANDALL WILSON and CHRIS MESSER, *on behalf of themselves and others similarly situated*,

    Plaintiffs,

vs.

GOWAITER FRANCHISE HOLDINGS, LLC and MICHAEL HANDY,

    Defendants.

Case No.: 1:13-cv-01054-AT

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into between Randall Wilson, Chris Messer, and eleven opt-in claimants, Amanda Walker, Daniel Lawrence, Jesse Dystra, Joe Sullivan, Khatisha Edwards, Lindsay Woodard, Mandel Lang, Marcel Leoni, Marlin Brownley, Melissa Amonds and Warren Rutledge,[1] their successors, agents and assigns, on the one hand (hereinafter referred to collectively as "PLAINTIFFS"), and GoWaiter Franchise Holdings, LLC, and its members, partners, owners, successors, representatives, assigns, directors, officers, employees, former employees and affiliated, parent and/or subsidiary companies, and Michael Handy (hereinafter collectively referred to as "DEFENDANTS") on the other hand. PLAINTIFFS and DEFENDANTS are sometimes collectively referred to as the "Parties". This Settlement Agreement and Release is made in light of the following:

WHEREAS, PLAINTIFFS are former delivery drivers affiliated with DEFENDANTS; and

---

[1] During the pendency of this case, Warren Rutledge passed away. His brother, Wayne Rutledge, was appointed as administrator of his estate and is authorized to settle his claims.

18996221v1 0961151

Error! Unknown document property name.

and Release to the same effect as if the PLAINTIFF had executed the Settlement Agreement and Release itself.

11. **SURVIVAL OF PROVISIONS** - In the event that an individual provision of this Settlement Agreement and Release is found to be legally unenforceable, such provision shall be severed from the contract, leaving the remainder intact and binding on all parties.

IN WITNESS WHEREOF, the parties execute this Settlement Agreement and Release in duplicate originals as reflected below:

_____       Date: _____
RANDALL WILSON, on behalf of himself and others
Similarly situated

_____       Date: 1-22-15
CHRIS MESSER, on behalf of
himself and others Similarly situated

_____       Date: _____
GOWAITER FRANCHISE HOLDINGS, LLC - by

_____       Date: _____
MICHAEL HANDY

8

18996221v1 0961151

Error! Unknown document property name.

WHEREAS, on April 1, 2013, PLAINTIFFS filed suit against DEFENDANTS claiming wage violations of the Fair Labor Standards Act in Cause No. 1:13-cv-01054-AT; *Randall Wilson, et al. v. GoWaiter Franchise Holdings, LLC, et al.,* in the United States District Court for the Northern District of Georgia – Atlanta Division (hereinafter "Cause No. 1:13-cv-01054-AT"); and

WHEREAS, DEFENDANTS deny that PLAINTIFFS are due any monies; and

WHEREAS, the Parties desire to reach an agreement to settle and forever resolve any and all wage-related claims and/or differences between them which could be raised by the Parties now or in the future arising out of PLAINTIFFS' relationship with and/or the termination of PLAINTIFFS' relationship with DEFENDANTS.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is acknowledged, the Parties do hereby settle, compromise and resolve any and all claims which might exist now or arise in the future as a result of or in connection with the employment and/or independent contractor relationship which existed between PLAINTIFFS and DEFENDANTS, except with respect to enforcement of this Settlement Agreement and Release, as follows:

1. **RELEASE**. The Parties agree to mutually release and hold harmless, now and forever, all claims against each other whether known or unknown through the date of this Settlement Agreement and Release. PLAINTIFFS release DEFENDANTS from any and all claims that any party may have or have had in the past, known or unknown, against them upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this release, including, without limitations, all claims for attorney's fees and costs, payments, wages, charges, benefits, actions and causes of action with respect to, or arising from

PLAINTIFFS' employment and/or independent contractor relationship with and/or the termination of PLAINTIFFS' employment and/or independent contractor relationship with DEFENDANTS, as well as from all claims for personal injury, actual or potential, to the date of this Settlement Agreement and Release or otherwise. The claims released pursuant hereto, include, but are not limited to, claims arising under any federal, state or local statute, including, without limitation, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, the Equal Pay Act, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et seq.*, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act, the Georgia Employment Security Law, the Georgia Workers' Compensation Act, Georgia Code's Prohibitions Against Age Discrimination, the Georgia Equal Employment for People with Disabilities Code, the Georgia Minimum Wage Law, and all other statutes, regulations or ordinances regulating the terms and conditions of employment and/or independent contractor relationships, or any and all claims under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by DEFENDANTS or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between PLAINTIFFS and DEFENDANTS. In consideration of this Settlement Agreement and Release the PLAINTIFFS waive any and all rights they may have under these laws as to events which have occurred prior to the date of this Settlement Agreement and Release.

2. **NON-DISPARAGEMENT**. The Parties acknowledge that maintaining each others' good reputation in the community is of paramount importance. Accordingly, the Parties agree that they will not disparage or encourage or induce others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, or otherwise. No party will act in bad faith to induce, encourage or instruct others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, or otherwise. If any party is contacted by any third party related to Cause No. 1:13-cv-01054-AT or arising from PLAINTIFFS' relationship with and/or the termination of PLAINTIFFS' relationship with DEFENDANTS, that party's sole response must be that the matter was resolved and the Parties agree to say nothing more.

In the event DEFENDANTS are contacted regarding PLAINTIFFS' relationship with DEFENDANTS, DEFENDANTS shall, at their option, provide dates of employment and/or independent contractor status, position(s) held, and whether PLAINTIFFS are eligible for re-hire. No disparaging remarks shall be made about PLAINTIFFS, nor shall DEFENDANTS tell such prospective employer that PLAINTIFFS were terminated, fired, or "asked to leave."

The Parties agree that failure to abide by this provision shall entitle the aggrieved party (or parties) to seek damages from the court.

3. **CONSIDERATION IN SETTLEMENT**. For and in consideration of the execution of this Settlement Agreement and Release, the Parties agree that DEFENDANTS will pay PLAINTIFFS the total sum of Twenty Thousand Dollars ($20,000.00) (the "PLAINTIFFS' SETTLEMENT PROCEEDS"). DEFENDANTS will forward the PLAINTIFFS' SETTLEMENT PROCEEDS to PLAINTIFFS' counsel on or before February 19, 2015 for disbursement to the PLAINTIFFS upon approval by the Court of the Settlement Agreement and

4

18996221v1 0961151

Error! Unknown document property name.

Release. The PLAINTIFFS' SETTLEMENT PROCEEDS will be distributed among the PLAINTIFFS in the amounts stated below, with each payment made payable to each Plaintiff in one check to be reported as 1099-MIS income for which DEFENDANTS shall make no deductions:

| Plaintiff's Name (check to be made payable to) | Amount of Check |
|---|---|
| Amanda Walker | $ 744.80 |
| Chris Messer | $ 3,132.54 |
| Daniel Lawrence | $ 438.12 |
| Jesse Dystra | $ 941.94 |
| Joe Sullivan | $ 3,921.12 |
| Khatisha Edwards | $ 131.44 |
| Lindsay Woodard | $ 460.02 |
| Mandel Lang | $ 240.96 |
| Marcel Leoni | $ 3,614.46 |
| Marlin Brownley | $ 219.06 |
| Melissa Amonds | $ 2,015.34 |
| Randall Wilson | $ 2,497.26 |
| Warren Rutledge | $ 1,642.94 |

DEFENDANTS further agree to pay to PLAINTIFFS' counsel, Mays & Kerr, LLC, the total sum of Forty-Five Thousand Dollars ($45,000.00). The payment will be made as follows: if the Court approves the Settlement Agreement and Release prior to March 17, 2015, an initial

5

18996221v1 0961151

Error! Unknown document property name.

payment of Ten Thousand Dollars ($10,000.00) will be paid on or before March 17, 2015, and the remaining Thirty-Five Thousand Dollars ($35,000.00) will be paid in seven monthly payments of $5,000.00 per month, with the first monthly payment being made 30 days after the initial payment.  If Court approval of the Settlement Agreement and Release has not been obtained on or before March 17, 2015, the initial payment of Ten Thousand Dollars ($10,000.00) will be made within 7 days of Court approval of the Settlement Agreement and Release and the monthly payments will begin 30 days after the initial payment.  This payment to PLAINTIFFS' counsel was separately negotiated from the payments made by DEFENDANTS to PLAINTIFFS. All payments reflected above shall be sent to PLAINTIFFS' counsel at the following address: Jeff Kerr, Mays & Kerr, LLC, 235 Peachtree Street NE, North Tower, Suite 202, Atlanta, Georgia 30303.

4. **TAX LIABILITY** - PLAINTIFFS further acknowledge that they have received no opinion or advice from DEFENDANTS with respect to the taxability, if any, of the payment made to them or their counsel.

5. **RIGHT TO CONSULT WITH COUNSEL** - PLAINTIFFS have informed themselves of the terms, contents, conditions and effects of this Settlement Agreement and Release. PLAINTIFFS further acknowledge that: (1) they have been advised to consult with an attorney prior to executing this Settlement Agreement and Release; (2) they have received no opinion or advice from DEFENDANTS or their attorney with respect to the advisability of accepting or rejecting this settlement offer; (3) they are over the age of eighteen (18) years, of sound mind and otherwise competent to execute this Settlement Agreement and Release; and (4) they are entering into this Settlement Agreement and Release knowingly and voluntarily and without any undue influence or pressures.

6. **NO ADMISSION OF LIABILITY** - The Parties recognize and agree that, by entering into this Settlement Agreement and Release, no admissions are made with respect to the merits of any claim which may or could have been raised by the other, and that this Settlement Agreement and Release is entered into solely for the purposes of amicably ending all disputes between the parties and avoiding the further costs, uncertainty and disruption of litigation. Both Parties have consistently maintained that they have no liability to the other.

7. **BINDING EFFECT** - It is understood and agreed that this Settlement Agreement and Release shall be binding upon and inure to the benefit of the Parties and their respective heirs, representatives, successors, and assigns.

8. **ENTIRE AGREEMENT** - It is understood and agreed that this Settlement Agreement and Release contains the entire agreement between the Parties and supersedes any and all prior agreements, arrangements, and understandings between the parties relating to the subject matter. No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement and Release exist. This Settlement Agreement and Release cannot be changed or terminated orally.

9. **GOVERNING LAW** - It is understood and agreed that this Settlement Agreement and Release shall be governed by, construed and enforced in accordance with, and subject to, the laws of the State of Georgia.

10. **EXECUTION AND ORIGINALS** - It is understood and agreed that this Settlement Agreement and Release may be executed in multiple identical counterparts, each of which shall be deemed an original for all purposes. It is further understood and agreed that for each of the PLAINTIFFS, his or her signature on and/or negotiation of the settlement check will constitute his or her knowledge of and agreement to all of the terms of the Settlement Agreement

and Release to the same effect as if the PLAINTIFF had executed the Settlement Agreement and Release itself.

11. **SURVIVAL OF PROVISIONS** - In the event that an individual provision of this Settlement Agreement and Release is found to be legally unenforceable, such provision shall be severed from the contract, leaving the remainder intact and binding on all parties.

IN WITNESS WHEREOF, the parties execute this Settlement Agreement and Release in duplicate originals as reflected below:

_[signature]_      Date: 1-23-15
RANDALL WILSON, on behalf of himself and others
Similarly situated

_____      Date: _____
CHRIS MESSER, on behalf of
himself and others Similarly situated

_[signature]_      Date: 1/26/2015
GOWAITER FRANCHISE HOLDINGS, LLC - by

_____      Date: _____
MICHAEL HANDY

8

18996221v1 0961151

Error! Unknown document property name.